training letter. I'd like to spend the time that we have today focusing primarily on whether or not the Veterans Court erred by failing to give judicial notice to the VA training letter that was presented in Mr. Blackman's reply brief. As the government has conceded in its brief, there is no dispute that the Veterans Court could have taken judicial notice of the VA training letter. And we know that the Veterans Court did not give judicial notice to that VA training letter. We know this because the Veterans Court... The regs specifically say you don't consider manuals, circulars, and other administrative materials. Why would a judge take judicial notice of something he's told not to consider? The regulation specifically relates to the board's consideration of whether or not the manuals and circulars under 19.5 and 19.103 and the older version of the regulation are applicable, are binding on the board with regard to its terminations. Here we have a training letter that was submitted to the Veterans Court to directly rebut the Secretary's assertions before the Veterans Court that the internet article was not medical evidence with regard to whether Mr. Blackman's diabetes mellitus, sentimentology, the pins and needles sensations that he suffered in service may or may not have been related to his current disability of diabetes mellitus. That seems to me to be a kind of a convoluted argument. I've read that internet article. It doesn't do much for you. I find it difficult, even if we're reviewing this for factual and clear error, to see that there was any error in rejecting the internet article. The real question it seems to me is whether this training letter, which does go beyond the internet article, was something that the Protocols for Veterans Claims could or should have taken judicial notice of. The import of the internet article is not to establish that Mr. Blackman did have diabetes in service such that he would have a service-connected disability now. The purpose of that is under the McClendon standard in Section 5203, Big A, Little D, which Congress has provided that when there is evidence to suggest that there may be a connection between the in-service sentimentology and the article. The article provides that the testing that is done for diabetes mellitus includes testing for the sensory neuropathy. But it doesn't suggest that having neuropathy years earlier would be evidence of the onset of diabetes. It simply says that neuropathy may be a consequence of diabetes. It's a symptom, not a cause. Exactly. That's what we're looking at here. When we're looking at Mr. Blackman's sentimentology in service, which is the pensive mental sensations, what may have been an early onset of the neuropathy, then Section 5203, Big A, Little D comes in and says, in conjunction with Mr. Blackman's current diagnosis of diabetes mellitus, was there a nexus between his in-service sentimentology and his current disability? That's a question that is not yet answered, and that's a question that 5203, Big A, Little D, was designed to give the veterans the benefit of a VA examination or a medical opinion. The trouble with symptoms is they can have a multitude of different causes. I almost challenge you to get out of Korea under any circumstances without cold feet. Yes, Your Honor, and that's the entire point of the nexus opinion. The purpose here is to give Mr. Blackman the benefit. I'm kind of being a little facetious, but the point I'm making is that how does a kind of a general article on symptoms give any service connection as to causes to something that happened 20 years earlier to Mr. Blackman? There's a distinguishing characteristic that needs to be made here. The Veterans Court's decision on page 4 focuses on the fact that the Internet article is not probative evidence on the question of whether or not there is a nexus. However, on page 3 of its article, of the decision, it discusses whether or not there's probative evidence with regard to whether there may be a sufficient evidence under the McClendon standard under 50.1.3.8.0.d that would require VA to go out and obtain that medical nexus opinion. That's the entire purpose of... Counsel, is it your best argument really that the court disregarded the training letter on a jurisdictional basis instead of taking judicial notice? Is that your strongest and best argument? Everything else, you're looking at it as a factual determination, which we know you can't get into. Well, those are the questions of prejudice, Your Honor. The question here is did the court err by failing to take judicial notice or in the alternate of whether or not it erred when it determined it did not have jurisdiction to review that Internet article, or the training letter, rather. Well, that's the conclusion of the court. It had no jurisdiction to consider the training letter. Correct. And is that an error? Is that a jurisdictional error because it did not take judicial notice of it? It's a jurisdictional error. It's a question of law-legal error because the court certainly did have jurisdiction to review the training letter because it could have taken judicial notice. In fact, the government agrees on this point that the convenience court could have taken judicial notice of it but failed to do so. So that's your argument, period? Yes, Your Honor. Don't convolute everything else. Is there a requirement that judicial notice be exercised? It's not a requirement, Your Honor. It certainly is a matter of the court's discretion. So is there an error here? The error is not necessarily in the court's failure to take judicial notice, vis-à-vis its refusal to do so. However, we know from the very last sentence in the court's decision that it disregarded the Internet article, or the training letter, rather. It did not even take a look at it. How do you read the opinion? Do you read the opinion as saying we choose not to look at it, or do you read the opinion as saying we cannot look at it? I read it to say we cannot based on the two citations that follow on, which are the court's jurisdictional statute, Senate 252B, as well as a case called Rosensky where the Veterans Court had held very clearly that it would not consider what it found to be new evidence that had not been presented to the Board of Veterans' Appeals prior to the appeal. Therefore, the court was looking at this and saying we cannot, as a matter of jurisdiction, look at this document. Because it was raised as part of the repatriation. Yes, Your Honor. So where is that error? Is that error because they refused to take a look at it when it was submitted, or because they refused to take a look at it and take judicial notice of the training letter? See, the training letter, I'm sorry, yes, the training letter was submitted in direct rebuttal of the Secretary's arguments to the Veterans Court that the Internet article was irrelevant and contained no medical evidence. The training letter was presented to say, to the Veterans Court, this is VA's own words. This is its own terminology. It came from VA's own training materials. The only material difference in that broad quote between the training letter and the Internet article is the training letter is actually identified as VA's own materials. In the Veterans Court, it determined there was no appropriate value to that Internet article, primarily because it was unattributed. We didn't know where it came from. Now with the submission of the training letter, we know where that broad quote came from. It came from VA. And that's really the only material difference here. Had the Veterans Court taken notice of this training letter, it may have had a substantial influence on the decision that the Veterans Court rendered because we now know that this broad quote has a much higher appropriate value to it because it is VA's own materials with regard to how it trains its adjudicators, how to adjudicate a client for service connection. And that is why the Veterans Court erred on failing to take judicial notice of it and considering it in its opinion. We know that the Veterans Court did have jurisdiction as a matter of law to consider the training letter, and we know that the failure of the training letter had a substantial influence on its decision and, therefore, the Veterans Court's error was prejudicial to Mr. Blackman. And, therefore, this Court should reverse the Veterans Court's determination and remand for any decision that takes into account the Veterans Court's decision. Thank you, Mr. Wesche. We'll retain the rest of your rebuttal time. Ms. Hogan. Good morning, Your Honors. May it please the Court? The training letter was neither part— You agreed that the Court of Appeals for Veterans Claims, which we could follow Rule 201 of the Federal Rules of Evidence, could, on appeal, take judicial notice of the training letter, right? Correct. Okay. And do you read the opinion to suggest that it could not take judicial notice of it? Well, first, it's probably important to point out that Mr. Blackman, before the Veterans Court, never asked the Court to take judicial notice. So, presumably, the question is whether it could have, on its own, decided to take judicial notice of it. I don't read the opinion as stating that it would be excluded from considering it on judicial notice, but also because that issue was never presented to the Veterans Court. But even if it had been presented, that decision not to take judicial notice would have been reviewed on an abuse of discretion standard, and it's clear that the Veterans Court here disregarded the identical factual information found in the Internet article. No, it's not identical. The Internet article, and I've read both of them, the Internet article and the training letter, to me are very different. The Internet article is very vague and just talks about neuropathy as being a symptom. The training letter goes into much more detail and suggests that the onset of diabetes can be predicted by early neuropathy symptoms. And so it's much more detailed than the Internet article. So it could possibly have been of assistance to him. And the problem is if we read the Court of Appeals for Veterans Claims decision as suggesting that it could not consider the training letter because it was not before the board, was not part of the record before the board, as I hear you now, you say that would be erroneous, that they were not by the statute precluded from considering the training letter. They could have taken judicial notice of it, right? We believe that they were precluded from considering it as part of the record proceedings because it was not before the board. But could the Veterans Court, as a matter of judicial principles, have considered it under judicial notice? I don't think we disagree that it could have done that. But I would point out to the court... But they didn't do it. I'm sorry, Your Honor? They didn't do it. They didn't do it because Mr. Blackman never asked the court to take judicial notice of this. So it was never... We can't fault the Veterans Court for not on its own considering this. And I would respectfully point the court to the one paragraph that Mr. Blackman contends is identical. On page 72, on page 129, there's one paragraph that is word for word the language dealing with the diabetic neuropathy. And if the Veterans Court found that same information to be generic and not probative, then there could be no error in the Veterans Court not taking judicial notice of the very same generic and not probative information. The Veterans Court didn't disregard it because it said we don't know where this comes from and we don't think there's any medical authority. They said this is just very general information. Even if they had been asked, judicial notice is discretionary. What if they had been asked and then had declined? Then this court would be reviewing it on an abuse of discretion standard. And again, I think the result would be the same. When they're not asked and don't reach it, what's the standard then? Well, the first question would be asked whether this court can even consider the issue of whether the Veterans Court... When it's not before the court that we're reviewing, how can we review something that was never done, right? Precisely, Your Honor. Yeah, that's kind of what I thought. But where does that stand, though, with regard to the letter itself as a jurisdictional basis? The court said that we have no jurisdiction to review that letter. Under 7252B, which sets forth what the record of proceedings... So they're considering it as being outside of the record. Correct. Not as being part of the judicial notice, which might have required them to look at it and say, we did look at it, we took the judicial notice, and we disregard it. Correct. Now, at that point, that becomes a discretionary act on their part. But if they see it, they take no notice of it because it's outside of the record. Is that a legal error on their part for not considering it as taking judicial notice of the training letter? We certainly don't see it as... It certainly, in our opinion, was not legal error to not consider it as part of the record of proceedings as defined by 7252B for the reasons that we discussed in our brief. We don't also believe that failure to take judicial notice either because it was explicitly requested or on its own was also legal error because that issue is reviewed on an abusive discretion standard. In your brief, you said to the extent that the VA training letter reflects official statements of the VA policy, practices, and procedures, besides facts that are not subject to reasonable dispute, the Veterans Court may exercise discretion to take judicial notice of the document. It did not exercise any discretion at that point. So is that an abusive discretion because it did not exercise any discretion? Can we review an action they didn't take? Well, that's precisely the issue. If the Veterans Court was never asked to take judicial notice and it didn't independently on its own in its decision say, we thought about taking judicial notice, but we're going to decline to do so. They said it was outside of their jurisdiction because it was not part of the record, so they knew the existence of the letter. We can't consider it because it's not part of the record. Correct. If it was judicial notice that they had taken, they could have considered it and disregarded it at that point. That's correct. On a discretionary basis, but they failed to do that. And we would contend, one, that they didn't do that because they were not asked to do so, and two, for the same reasons that the Internet article was found not to be probative, the same paragraph in the training letter would similarly have... Well, I have the same problem with the Internet article that Judge Dyke does. I don't think it really adds much to the discussion, but the training letter, the VA training letter does. And it was part of the record, although it was not part of the official record, and the VA court could have taken judicial notice of it. I guess my question is whether or not their failure to do so at that point is an abuse of discretion. And we don't believe it is for the same reasons that... Let me think this through. In other words, we would have a requirement that if the court did not take judicial notice of something that the parties don't ask them to take judicial notice, they would be abusing their discretion. In other words, every document that could possibly be in a record, whether it was before the board or not, suddenly is an abuse of discretion if it's not considered by the court automatically. In other words, we're really using kind of a backdoor method required the court to consider absolutely every document in a record, even if it isn't in the record. Exactly, Your Honor, and that's the same... That's not the point, though, is it? With due respect to my colleague Judge Wader, it was part of the record. It was in the record. It was part of the reply brief. Whether or not it was part of the official record, they could have taken judicial notice of that document, knowing that it existed. It's not as if it was ephemeral, that somewhere in the thin air, it was out there somewhere, and they would have had to take judicial notice of it. They said, no, we're not taking judicial notice of it because it's not part of the record, so we have no jurisdiction. Well, the court did not say it was declining to take judicial notice. The court said it was not going to consider it because it was not part of the record of proceedings as the parties had designated at the beginning of the appeal as what constituted the record from the board. There simply is nothing in the Veterans Court decision in addressing judicial notice at all because it simply wasn't raised by either party. I guess what you'd have to do on the Veterans Court now is you'd have to say, and I could have taken judicial notice of documents X, Y, Z, A, B, C, and A prime, but I declined to do so. Correct. Then we could review what they were not asked to do and what was not part of the record for abuse of discretion. I think Your Honor is making the same point that we made in our brief with regard to the record of proceedings, that there has to be a finite record defined for the Veterans Court to review, and we can't assume that the Veterans Court is going to be responsible for looking at every possible document that could conceivably be related to the appeal. Well, but that's not the point here.  They should have taken judicial notice of it, so it's not a sort of every document in the world. And the question is whether having failed to ask for judicial notice, that that's fatal to the claim. Well, certainly the fact that judicial notice was not requested for the Veterans Court and the Veterans Court did not address it in its opinion makes it very difficult for this court to review what the Veterans Court did or did not do. So there maybe is a jurisdictional problem for this court to address the judicial notice issue because it wasn't an issue that was raised before the Veterans Court, and the Veterans Court didn't address it in order for this court to have something to review. So perhaps in that sense, the jurisdictional problem here is with this court not having anything from the Veterans Court to review in terms of the judicial notice argument. Certainly we believe that the record of proceedings argument that we've briefed in our brief is adequately addressed and we think supports the Veterans Court's decision. And so I think that the court should affirm the decision because there's no... Okay, thank you, Ms. Holkin. Thank you. Mr. Wesche, you have five minutes, almost six minutes remaining. It's important to point out, Your Honors, that Mr. Blackman did not expressly state that he was asking the Veterans Court to take judicial notice of the training letter. However, it is implicit in his submission of the training letter with his reply brief and in the context of it being submitted in direct rebuttal of the Secretary's arguments to the Veterans Court that the Internet article was both irrelevant and not medical evidence that was probative to the claim. The only way that the Veterans Court could possibly have determined whether or not the Internet article did have any probative value or whether it had any medical evidence that was even really probative to the claim would be to compare it to the training letter. Therefore, there had to be at least an implicit request of the Veterans Court to take judicial notice of that training letter. Well, does that have to be implicit or does it have to be direct? Why isn't the VA correct in its position saying if you don't point it out and ask us to take judicial notice of that particular document, we're not required to look at it at that point in time? It is outside of the record. At that point, Your Honor, we're getting form over substance. We're basically requiring that the briefs say, Dear Court, please take judicial notice of X. I mean, that's what the federal rule says. It says when mandatory a court shall take judicial notice if requested by a party. And your problem is that there wasn't any request here. So it's not just form over substance. It's a question of what the rule requires. Well, one point is that the federal rules of civil procedure and abundance are not binding on the Veterans Court. That's also their advisory at best at this point. However, I do agree with the court that there needs to be some indication to the court that it needs to take judicial notice of that document. I believe here we do have that. This would be the argument presented. As I said earlier, there is no way the Veterans Court could have considered the arguments of counsel below without considering that training letter. Just for one second, thinking of your client, if we send it back and the court takes judicial notice and rejects any nexus, Blackman loses, but he's out lots of years and attorney fees. If the board takes judicial notice and sends it back to the board, and the board even sends it to a doctor, how can they find symptoms 20 years before it's having any nexus? He loses again. How are you helping Mr. Blackman? Well, Your Honor, the questions you presented here are questions that we can't answer today. What we do know is that upon remand back to the Veterans Court, back to the Board of Veterans Appeals, and down to the regional office for it to obtain this medical addict's opinion, there's a likelihood, or at least a possibility, that the doctor reviewing the medical record, reviewing the evidence that's before the adjudicator of the RO, There's always a possibility. Sure, there's always a possibility. And that's the entire point of Congress's 5103 Big A Little D, which says if there is a possibility there may be a nexus, VA shall provide a medical opinion or obtain a pre-examination for Mr. Blackman in this situation. So Congress has already contemplated the ambiguity or the unknowingness of the medical system. That's why courts have motions and that's why they have rules, so that we don't have to do all this and bounce back and forth. We expect you to ask them to take judicial notice so we have something to review for an abuse of discretion. Right now you're asking us to review something that didn't happen. I'm asking you to review the court's refusal to take judicial notice because it lacked jurisdiction. It didn't refuse to take judicial notice. It was never asked to take judicial notice. If it had been asked and refused, we would have something to review for an abuse of discretion. It was never asked. So you're telling us to review something that didn't happen. I'm asking the court to make a determination of whether or not the court erred as a matter of law when it disregarded the training letter because it lacked jurisdiction. Anything to add, Mr. Wischy?  The government made the point that the Veterans Court had already looked at the content of the training letter and the Internet article and found it to be not probative on the question of nexus. That is true on page 4 of the court's decision. However, that analysis is focused very much on whether or not the Internet article actually provided the nexus sufficient to grant service connection here. On page 3 of the court's decision, the apartment analysis here, where the court determined that there was no evidence submitted that may implicate the McClendon standard, the Duenas standard, and the court's obligations under 5103. The analysis by the court was very different there. The court did not consider the identical language of the two documents when it made the determination on Duenas and McClendon. I'd just like to make sure the court's aware of that distinction. And I have nothing else to add, Your Honor. Thank you, Mr. Wischy. The final case of the day is Archer Daniels v. The United States. Thank you.